IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL M.,                              :                CIVIL ACTION
            Plaintiff            :
        v.                           :
                                         :
FRANK BISIGNANO,                         :
Commissioner of the Social Security      :
Administration,                          :
            Defendant            :                NO.  25-5955

**<u>MEMORANDUM</u>**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                    May 11, 2026

      Michael M. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final

decision of the Commissioner of the Social Security Administration ("the Commissioner"),

denying her[1] claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income

("SSI") under Titles II and XVI of the Social Security Act.  Plaintiff has filed a brief in support of

her request for review, the Commissioner has responded to it, and Plaintiff has filed a reply.  For

the reasons set forth below, Plaintiff's request for review is denied.

## I.    PROCEDURAL HISTORY[2]

      On December 4 and 8, 2023, Plaintiff applied for DIB and SSI, respectively, alleging that

her disability commenced on April 5, 2022.  R. 19.  Plaintiff's claim was denied initially and upon

reconsideration.  *Id.*  Hence, she requested an administrative hearing.  *Id.*  On November 4, 2024,

Plaintiff appeared for a video hearing, before Scott M. Staller, Administrative Law Judge ("the

ALJ"); Plaintiff, represented by an attorney, and vocational expert Steven Gumerman ("the VE")

---

[1] Plaintiff's attorney has informed the court that Plaintiff uses she/her pronouns.  Plaintiff's Brief and Statement of Issues in Support of Request for Review at 1.  The court will refer to Plaintiff as such.

[2] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues in Support of  Request for Review ("Pl. Br."), the Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record.  ("R.").

testified.  R. 43-61.  On November 21, 2024, the ALJ, using the sequential evaluation process ("SEP") for disability,[3] issued an unfavorable decision.  R. 19-32.  On August 20, 2025, the Social Security Administration's Appeals Council denied Plaintiff's request to reverse the ALJ's decision, making the ALJ's decision the Commissioner's final decision.  *Id.* at 1-3.  Plaintiff presently seeks judicial review of that decision; the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.    FACTUAL BACKGROUND

A.    Personal History

Plaintiff, born on July 3, 1988, was 36 at the time of the administrative hearing.  R. 47.  She completed high school and lives with her parents.  R. 47-48.  Although Plaintiff was working part-time in November 2024, the ALJ determined that she had no past relevant work.  R. 49.

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed.  Otherwise proceed to Step 2.  *See* 20 C.F.R. §§ 404.1520(b), 416.020(b).

2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed.  Otherwise proceed to Step 3.  *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed.  Otherwise proceed to Step 4.  *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed.  Otherwise proceed to Step 5.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled.  *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

B.    Plaintiff's Testimony

At the November 4, 2024 administrative hearing, Plaintiff testified about her limitations, which primarily concerned her mental health.  R. 47-56.  Plaintiff was working part-time, for four hours a week.  R. 47.  Despite that minimal work schedule, she had called out from work four to five times in the prior six months, related to her mental health impairments.  R. 49-50.  Additionally, if faced with an unhappy or aggressive customer, Plaintiff contacted a manager to handle the customer, because she was unable to cope with such a person.  R. 56.

Plaintiff suffers from anxiety attacks evidenced by trembling hands, heart palpitations, an elevated pulse, diarrhea and vomiting.  R. 50.  These attacks can be caused by stressors but are also unprovoked.  R. 51.  She tries to alleviate an oncoming anxiety attack by pacing, withdrawing from the source of stress and, if these avoidance methods fail, she isolates herself from all people. R. 51-52.  Plaintiff experiences anxiety attacks approximately four to five times per week; they can last from a few hours to more than a day.  R. 51-52.  Plaintiff also suffers bouts of depression, during which she experiences general disinterest and lethargy, an unwillingness to get out of bed, intermittent sleep and fasting for days at a time.  R. 52.

Plaintiff takes prescribed medication; a therapist treats her mental health problems.  R. 54. She believes that the medication has allowed her to have more functional days, and her therapy has helped her learn coping mechanisms.  R. 54.  Despite these treatment modalities, Plaintiff has difficulty performing difficult work tasks; she requires frequent re-instruction and supervision.  R. 55-56.

C.    Vocational Testimony

The ALJ asked the VE to consider a person of Plaintiff's age, education, with no past relevant work, capable of performing work at all exertional levels, and with additional limitations:

3

able to understand, remember or carry out simple instructions; able to tolerate occasional changes in the routine work setting; able to perform tasks within a schedule and at a consistent pace; and able to make simple, work-related judgments. R. 57. The VE responded that this individual could perform three, light[4], unskilled[5] jobs: (1) attendant, 45,000 positions in the national economy; (2) sorter, 70,000 positions in the national economy; and (3) laundry worker, 60,000 positions in the national economy. R. 58. The VE opined that employers tolerate an employee being off-task no more than 15% of the workday and only one or two absences per month. R. 58. Finally, if a person arrived at work on time but, every month, consistently left work early once or twice, due to mental health concerns, they could not sustain employment. R. 59.

### III. THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through March 31, 2026.

2. [Plaintiff] has not engaged in substantial gainful activity since April 5, 2022, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. [Plaintiff] has the following severe impairments: major depressive disorder, generalized anxiety disorder and gender identity disorder (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[5] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. §§ 404.1568(a), 416.968(a).

5.	After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: except [sic] [she] can understand, remember or carry out simple instructions.  [Plaintiff] can deal with occasional changes in a routine work setting.  [She] can perform tasks within a schedule and at a consistent pace.  [Plaintiff] can make judgments on simple, work-related decisions.

6.	[Plaintiff] has no past relevant work (20 CFR 404.1565 and 416.965).

7.	[Plaintiff] was born on July 3, 1988 and was 33 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.	[Plaintiff] has at least a high school education (20 CFR 404.1564 and 416.964).

9.	Transferability of job skills is not material to the determination of disability because [Plaintiff] does not have past relevant work (20 CFR 404.1568 and 416.968).

10.	Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [she] can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11.	[Plaintiff] was not under a disability, as defined in the Social Security Act, from April 5, 2022 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

R. 21-24, 29-30.

## IV.    DISCUSSION

A.    <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*,

181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  Indeed, the court is not permitted to weigh the record evidence itself.  *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Zaborowski v. Comm'r of Soc. Sec.*, 124 F.4th 637, 639 (3d Cir 2024); *Poulos*, 474 F.3d at 91.

B.      Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy."  *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.        Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff had no past relevant work, she could perform a number of light, unskilled jobs. R. 19-32. Plaintiff disputes the ALJ's decision, arguing that the ALJ failed to include, in his assessment of her residual functional capacity ("RFC"), a specific limiting opinion to one and two step tasks that was offered by both state agency psychological consultants. Pl. Br. at 4-10. The Commissioner denies Plaintiff's arguments. Resp. at 1-8. This court finds that Plaintiff's assertion of error lack merit.

Plaintiff relies upon the opinions of Peter Garito, Ph.D., and John Gavazzi, Psy.D., that she was capable of performing one and two step tasks. Pl. Br. at 4 (citing R. 68, 81-84).[6] Plaintiff further maintains that the ALJ accepted these specific opinions which are inconsistent with the ability to perform unskilled work. Pl. Br. at 5-10.

The ALJ mentioned Drs. Garito and Gavazzi's opinions that Plaintiff was limited to one and two step tasks, among other opinions they rendered. R. 28. He found these opinions generally persuasive. R. 28-29. The question before the court is, whether these findings required him to

---

[6] Dr. Gavazzi's opinion that Plaintiff can perform one and two step tasks is found at page 83 of the administrative record.

include all of the doctors' specific limitations in his RFC assessment?  This court concludes that the ALJ was not required to do so.

The applicable regulations state that, when a medical source provides numerous medical opinions, the ALJ is permitted to evaluate the opinions collectively and is not required to address each opinion individually.   20 C.F.R.  §§  404.1520c(b)(1), 416.920c(b)(1).   Herein, of the numerous opinions Drs. Garito and Gavazzi rendered, the ALJ only specifically mentioned four of them when discussing their opinions.  R. 28-29.  The ALJ adopted three of these findings when he evaluated whether Plaintiff met the requirements of certain mental health listings.  R. 23-24. Furthermore, when crafting Plaintiff's RFC, the ALJ adopted their opinions that Plaintiff could carry out short instructions, R. 68, 83, and make simple work-related decision. *Id.*  Plaintiff ignores these latter two opinions, which the ALJ included in the RFC.

The relevant regulations do not require that, when an ALJ collectively considers a medical source's opinions and finds them generally persuasive, they are required to include all of the source's opinions in the RFC assessment.  *See* 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Moreover, governing circuit precedent does not allow this court to require an ALJ to explain their decision in any particular fashion or use any "magic words" in the decision.  *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).  Instead, an ALJ's decision is adequate, so long as it provides an explanation of the ALJ's reasoning.  *Id.*  Herein, the ALJ explained why he found the two doctors' opinion generally persuasive, focusing on the required factors of supportability and consistency, R. 28-29, he adopted three of their specific limitations when evaluating whether Plaintiff met a listing, R. 23, and adopted two more restrictions when assessing her RFC.  R. 24.  That is sufficient to allow for meaningful judicial review, hence, the ALJ did not commit legal error when omitting the doctors' specific limitation to one and two step

8

tasks from his assessment of Plaintiff's RFC.[7]

Implementing and judgment orders follow.

---

[7] Plaintiff also argues that the ability to perform one and two step tasks is inconsistent with the ALJ's RFC assessment that Plaintiff could perform unskilled work. Pl. Br. at 6-10. However, that argument need be considered only if the ALJ was required to include a specific limitation to one and two step tasks in the RFC assessment. As explained above, the ALJ was not required to do so and committed no error by failing to do so.